```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT REILLY,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 03-5975<br>         (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

BARRY, CORRADO, GRASSI & GIBSON, P.C.
by: Frank L. Corrado, Esq.
    Joseph C. Grassi, Esq.
2700 Pacific Avenue
Wildwood, NJ 08620
(609) 729-1333
    Counsel for Plaintiff

LAW OFFICES OF RILEY & RILEY
by: Michael E. Riley, Esq.
100 High Street
Suite 302
Mount Holly, NJ 08060
(609) 914-0300
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiff Robert Reilly ("Reilly") brings this employment action against his former employer and supervisors.  Presently before the Court is Defendants Robert Flipping and Arthur Snellbaker's ("Flipping" and "Snellbaker" or, collectively, "Defendants") Joint Motion for Reconsideration.

**I.**

In brief, former Atlantic City police officer Reilly brings suit against former Atlantic City Chief of Police Snellbaker, former Atlantic City Public Safety Director Flipping, and the City of Atlantic City, alleging that Reilly was retaliated against for his participation in the investigation and trial of a fellow police officer.[1]

In his Complaint, Reilly alleges a number of theories of liability, including a First Amendment retaliation claim. On April 5, 2006, this Court decided denied Snellbaker and Flipping qualified immunity on Reilly's First Amendment claim as part of its determination of defendants' summary judgment motions. Defendants appealed to the Third Circuit. The Third Circuit, in a precedential opinion, affirmed this Court's decision on the issue of Reilly's First Amendment claim. *Reilly,* 532 F.3d at 233.

To date, all of Snellbaker and Flipping's attempts to have Reilly's First Amendment claim reconsidered have failed. The Third Circuit denied their petition to have the issue reheard *en banc.* Furthermore, the Supreme Court of the United States denied their subsequent petitions. *Flipping v. Reilly*, 129 S.Ct. 1316 (2009) (denying petition for writ of certiorari); *Flipping v. Reilly*, 130 S.Ct. 575 (2009) (denying motion for leave to file a

---

[1] The facts of this case have already been recited in detail in previous opinions by the Third Circuit and this Court. *See Reilly v. City of Atlantic City*, 532 F.3d 216 (3d Cir. 2008); *Reilly v. City of Atlantic City,* 427 F.Supp.2d 507 (D.N.J. 2006).

petition for rehearing).

Presently before the Court is Flipping and Snellbaker's motion to reconsider the issue of their qualified immunity on Reilly's First Amendment claim. For the reasons stated herein, Flipping and Snellbaker's Motion will be denied.

**II.**

Defendants seek reconsideration under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1.  Under Local Civil Rule 7.1(i), prior to December 1, 2009, a motion for reconsideration must be brought "within 10 business days after the entry of the order or judgment on the original motion" and be accompanied by a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked . . . ."  L. Civ. R. 7.1(i) (2009).[2] A party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc.* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[2] Fed. R. Civ. P. 59(e) provides that prior to December 1, 2009, a litigant may file a motion to alter or amend a judgement within 10 days of the entry of that judgment.  Fed. R. Civ. P. 59(e) (2009).

Requests for reconsideration are only granted "very sparingly." *Ivan v. County of Middlesex*, 612 F. Supp. 2d 546, 551 (D.N.J. 2009) (internal citations omitted).

### III.

Defendants' motion is untimely, as it has been filed years past the deadline set out in Local Civil Rule 7.1. Acknowledging their tardiness, Defendants urge the Court to exercise its power under Local Civil Rule 83.2(b) to excuse their late filing. *See* L. Civ. R. 83.2(b) (2009) (allowing the Court to relax or dispense with any rule in the interest of avoiding injustice). The Court does not excuse this missed deadline and denies the instant motion as untimely.[3]

Even if Defendants' motion were timely, it would still be denied on the merits. The Third Circuit explicitly considered the question of Defendants' qualified immunity on Reilly's First Amendment claim in a precedential opinion and affirmed this Court's denial of qualified immunity with respect to Reilly's First Amendment claim. *Reilly,* 532 F.3d at 233. Defendants

---

[3] In the alternative, Defendants request that the Court consider their request for relief under Fed. R. Civ. P. 60(b)(6), which allows the Court to relieve a party from a final judgment or order for a "reason that justifies relief", or as a motion for partial summary judgment. The Court declines to do so. As Defendant's motion is wholly without merit, it does not warrant the extraordinary remedy provided by Rule 60(b)(6). Further, the Court has already decided this issue at the summary judgment stage and the Third Circuit has affirmed that determination.

argue that the issue should now be reconsidered because there has been an intervening change in the law.  (Def. Br. at 6.)  The thrust of Defendants' argument is that the Ninth Circuit issued an opinion subsequent to the Third Circuit's *Reilly* decision, *Huppert v. City of Pittsburg,* 574 F.3d 696 (9th Cir. 2009), that Defendants claim created a "circuit split" on the issue of qualified immunity and so constitutes an intervening change in the law.  Defendants also argue that because the Third Circuit routinely considers other circuits' decisions as part of its "clearly established" analysis, but did not have the opportunity to consider the *Huppert* case, the issue should be reconsidered.  However, the mere existence of a contrary decision in a sister circuit does not necessarily alter the "clearly established" analysis.  *See Williams v. Bitner*, 455 F.3d 186, 193 n.8 (3d Cir. 2006) ("Even if our sister circuits had in fact split . . . we would not necessarily be prevented from finding that the right was clearly established.").  More to the point, as it is clear that the *Huppert* decision has not changed the controlling law in <u>this</u> circuit, Defendants' motion must fail.  *See Max's Seafood Cafe ex rel. Lou-Ann, Inc.* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

**IV.**

For the reasons stated above, Defendants' Motion will be

denied.  The Court will issue an appropriate Order.


Dated:  May 27, 2010

                                           s/ Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**